UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

SUPREET SINGH KHANCHI,

　　　　　Petitioner,

　　　　v.

TODD BLANCHE, et al.,

　　　　　Respondents.

No. 5:26-cv-03801-JDE

ORDER REGARDING PETITION

## I.

## PROCEEDINGS

On July 9, 2026, Supreet Singh Khanchi ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1, "Petition" or "Pet.") and Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Dkt. 2, "TRO Request"), alleging his re-detention by immigration authorities violated 8 U.S.C. § 1226(a), the Administrative Procedure Act, the Fifth Amendment, and regulatory provisions. He seeks his immediate release, or alternatively, a bond hearing; a declaration that his detention is unconstitutional and unlawful; an order enjoining Respondents from transferring him from this district without the Court's approval; and an award of attorney's fees and costs. Pet. at 14-15. On

July 16, 2026, Respondents filed an Answer, advising the Court that they "are not presenting any opposition argument at this time" and "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." Dkt. 9.

Although the time to file an optional Reply has not expired, in light of Respondents' position and the TRO Request, the Court proceeds to rule on the Petition. For the reasons below, the Petition is granted, in part.

## II.

## BACKGROUND

Petitioner is a native and citizen of India. Pet. ¶ 14. He entered the United States on or around December 9, 2022 without inspection. Id. ¶ 15. He was issued a notice to appear and released from detention under an order of supervision. Id. ¶ 16. He timely filed an application for asylum, withholding of removal, and relief under Convention Against Torture, which remains pending. Id. ¶ 6. He has no criminal history. Id. ¶ 19.

Petitioner has complied with Immigration and Customs Enforcement ("ICE") check-ins and never missed an appointment. Pet. ¶ 16. When he reported on June 25, 2026, he was detained. Id. ¶ 17. He was not provided any notice, explanation, or opportunity to be heard, and there has been no changed circumstances. TRO Request ¶¶ 13, 35. Petitioner remains in custody, subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Pet. ¶¶ 6, 57.

Though provided an opportunity to challenge these facts in an Answer, Respondents did not do so.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28

U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted).  The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

All three factors support a finding that Petitioner's due process rights were violated in the revocation of his prior release. First, he has a significant liberty interest in remaining out of custody under his order of supervision. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Although the initial decision to detain or release an individual may be within the government's discretion, 'the government's decision to release an individual from custody creates "an implicit promise," upon which that

individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions of release.'" Faizyan v. Casey, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (alterations in original) (quoting Pinchi, 792 F. Supp. 3d at 1032); see also Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). Thus, "after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." Salazar v. Casey, 2025 WL 3063629, at *3 (S.D. Cal. Nov. 3, 2025) (quoting Pinchi, 792 F. Supp. 3d at 1032).

Second, the risk of an erroneous deprivation of such interest is high as Petitioner's release was revoked without an opportunity to be heard. Faizyan, 2025 WL 3208844, at *7; see also Singh v. Andrews, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (finding the risk of an erroneous deprivation of liberty was high where the petitioner had not received any bond or custody re-determination hearing). "Civil immigration detention is permissible only to prevent flight or protect against danger to the community." Pinchi, 792 F. Supp. 3d at 1035. There is no evidence that Petitioner's detention would serve either purpose. Since the "initial determination that Petitioner should be [released] because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed." Salazar, 2025 WL 3063629, at *4 (citing Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.")). Petitioner contends he complied with his conditions of release, attended all ICE appointments, and has no criminal record. Pet. ¶¶ 16, 19, 39. Respondents present no evidence showing any change in material circumstances warranting reconsideration of Petitioner's release. Indeed, as noted, Respondents concede they do not have an opposition argument to present. Dkt. 9.

Third, the government's interest in detaining Petitioner without a hearing is low here. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); Pinchi, 792 F. Supp. 3d at 1036 ("Detention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest.").

The Court finds the revocation of Petitioner's prior release deprived him of his due process rights and his detention is unlawful. Faizyan, 2025 WL 3208844, at *7; Salazar, 2025 WL 3063629, at *5. Given that Respondents have identified no material changes in circumstances or otherwise opposed Petitioner's due process claim, the Court finds immediate release is warranted. See Faizyan, 2025 WL 3208844, at *7-8; Salazar, 2025 WL 3063629, at *6.

## IV.

## ORDER

IT IS ORDERED that: (1) the TRO Request (Dkt. 2) is DENIED; and (2) Judgment shall be entered (a) granting the Petition, in part, and ORDERING Respondents to immediately release **Petitioner Supreet Singh Khanchi (A# 246 248 126)** from custody, subject to the conditions of his preexisting order of supervision, and (b) denying the Petition without prejudice in all other respects as moot.

Dated: July 16, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge

5